IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAN BUNKERING (AMERICA) INC.** | § | **CIVIL ACTION NO.** |
| | § | |
| | § | **JUDGE** |
| | § | |
| | § | **MAGISTRATE** |
| | § | |
| Versus | § | |
| | § | |
| **PATRICE MCALLISTER** *in rem* | § | |
| **MCALLISTER TOWING AND** | § | |
| **TRANSPORTATION COMPANY,** | § | |
| **INC.** *in personam* | § | |
| **EPIC COMPANIES, LLC** *in personam* | § | |
| **EPIC APPLIED TECHNOLOGIES,** | § | |
| **LLC** *in personam* | § | |

## VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Dan Bunkering (America) Inc. ("Plaintiff" or "Dan Bunkering") who files this Verified Complaint against defendants, PATRICE MCALLISTER, her engines, freight, tackle, appurtenances, apparel, etc., *in rem*, McAllister Towing and Transportation Company, Inc. *personam*, Epic Companies, LLC *in personam*, and Epic Applied Technologies, LLC *in personam,* seeking a warrant of maritime arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, as well as damages for amounts owed for breach of contract.

Plaintiff respectfully represents upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Supplemental Rules C for Certain Admiralty and Maritime Claims,

1

Federal Rule of Civil Procedure 9(h), and the supplemental jurisdiction of this Court pursuant to U.S.C. § 1367.

## PARTIES

2. Plaintiff Dan Bunkering (America) Inc. ("Dan Bunkering") is a Texas corporation with its principal place of business in Texas and was, and is, a supplier of bunker fuel to vessels.

3. Defendant PATRICE MCALLISTER is a U.S. flagged vessel, bearing IMO No. 9215799. The PATRICE MCALLISTER is now, or will be during the pendency of process hereunder, within this Judicial District and within the jurisdiction of this Honorable Court, and upon information and belief, is or will be at sail in the Mississippi River within the Parish or Orleans.

4. Defendant McAllister Towing and Transportation Company, Inc. ("McAllister") is a foreign corporation not registered to do business in Louisiana. Upon information and belief, McAllister is the owner of the PATRICE MCALLISTER.

5. Defendant Epic Companies, LLC ("Epic") is a foreign limited liability company, not registered to do business in Louisiana. Upon information and belief, Epic was at all relevant times the charterer of the PATRICE MCALLISTER.

6. Defendant Epic Applied Technologies, LLC ("EAT") is a foreign limited liability company, not registered to do business in Louisiana. Upon information and belief, EAT was at all relevant times also the charterer of the PATRICE MCALLISTER.

## FACTS

**(a) Overview**

7. Dan Bunkering is in the business of supplying bunkers and other consumables to vessels.

8. The bunkers and other consumables were provided pursuant to Dan Bunkering's Standard Terms and Conditions of Sale, dated December 1, 2017, a copy of which is attached as **Exhibit 1**.

9. Insofar as is relevant, Dan Bunkering's Standard Terms and Conditions of Sale provide:

    - Section 5.3:

    If any sum due pursuant to any Contract is not paid within the agreed time or if contrary to the provisions herein payment is withheld or set-off for any reason the Buyer shall pay compensation to the Seller of 20% (twenty per cent) of the outstanding amount. Such compensation is a reasonable pre-estimate of the Seller's loss, considering the additional management time incurred in dealing with late payment, the loss of opportunity to reinvest the missing funds and currency exchange fluctuations. This late payment compensation is payable in addition to the Price and accrued interest.

    - Section 5.4

    Subject to Clause 5.5 payment of the Price shall be due immediately upon delivery of the Products or in all other cases immediately upon an invoice being issued.

    - Section 5.5

    The Seller may grant credit deferring payment beyond the period stated in clause 5.4, in which case the credit period shall be stated on the Order Confirmation. The granting of credit is in the Seller's discretion and the Seller may withdraw credit at any time and demand immediate payment if the Seller has reason to alter its assessment of the credit risk. Withdrawal of credit shall be by written notice, and Seller need not provide reasons…

    - Section 5.7

    Without prejudice to any other rights or remedies available to the Seller the Buyer shall pay interest to the Seller at the rate of 2% (two per cent) per month (compounded monthly for each month, or part thereof,) on all balances that remain unpaid from the date that they were due or, upon the withdrawal of credit, became due for payment. The Seller may issue interest notes which shall be binding as to the amount of interest due. The Buyer's obligation to pay interest is not conditional upon interest notes being issued.

    - Section 5.9

    If the Seller incurs any costs in relation to attempts to collect any overdue sums the Buyer shall indemnify the Seller for those costs and shall pay the same upon first demand. Such costs include but not limited to attestation and translation costs, fees of third party debt collection agencies, lawyer's fees and communication/postal costs.

- Section 13 Lien

13.1 It is agreed and acknowledged that a lien over the Vessel is created for the price of the Products supplied together with any interest accrued. The Buyer, if not the Owner of the Vessel, hereby expressly warrants that they have full authority of the Agents/Traders/Owners/Managers/Operators/Charterers to pledge the Vessel in favour of the Seller and that they have given notice of the provisions of this Contract to them. The Seller shall not be bound by any attempt by any person to restrict, limit or prohibit its lien(s) attaching to a Vessel.

13.2 The laws of the United States, including but not limited to the Commercial Instruments and Maritime Lien Act, shall always apply with respect to the existence of a maritime lien, regardless of the country in which the Seller takes legal action. The Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity, or otherwise, in any jurisdiction where the Vessel may be found.

**(b) The First Invoice**

10. On or about May 17, 2019, pursuant to Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering supplied the PATRICE MCALLISTER with freshwater and diesel fuel.

11. The supply of freshwater and diesel fuel to the PATRICE MCALLISTER was subsequently memorialized in an Order Confirmation, dated May 21, 2019. Pursuant to the Order Confirmation, payment was due "90 days from date of delivery." A copy of the Order Confirmation is attached as **Exhibit 2**.

12. On or about May 30, 2019, Dan Bunkering issued an invoice (Invoice No. 63914) for the diesel and freshwater in the amount of $38,340.69 addressed to "M/V PATRICE MCALLISTER and/or master and/or owners and/or charterers and/or managers and/or operators and/or Epic Companies, LLC and/or Epic Applied Technologies, LLC." A copy of the invoice is attached as **Exhibit 3**.

13. Payment for this invoice was due on August 15, 2019. However, pursuant to Section 5.5 of Dan Bunkering's Standard Terms and Conditions, credit has been withdrawn by Dan Bunkering and payment is due immediately. A copy of the email from Dan Bunkering

withdrawing credit and demanding immediate payment is attached as **Exhibit 4**. No payment has been made by the PATRICE MCALLISTER, McAllister, Epic, or EAT.

**(c) The Second Invoice**

14. On or about May 30, 2019, pursuant to Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering again supplied the PATRICE MCALLISTER with freshwater, motor oil, and grease.

15. The supply of freshwater, motor oil, and grease was subsequently memorialized in an Order Confirmation, dated June 21, 2019. Pursuant to the Order Confirmation, payment was due "90 days from date of delivery." A copy of the Order Confirmation is attached as **Exhibit 5**.

16. On or about June 28, 2019, Dan Bunkering issued an invoice (Invoice No. 64239) for the freshwater, motor oil, and grease in the amount of $8,885.20 addressed to "M/V PATRICE MCALLISTER and/or master and/or owners and/or charterers and/or managers and/or operators and/or Epic Companies, LLC and/or Epic Applied Technologies, LLC." A copy of the invoice is attached as **Exhibit 6**.

17. Payment for this invoice was due on August 28, 2019. However, pursuant to Section 5.5 of Dan Bunkering's Standard Terms and Conditions, credit has been withdrawn by Dan Bunkering and payment is due immediately. A copy of the email from Dan Bunkering withdrawing credit and demanding immediate payment is attached as **Exhibit 4**. No payment has been made by the PATRICE MCALISTER, McAllister, Epic, or EAT.

**(d)  The Third Invoice**

18. On or about June 12, 2019, pursuant to Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering again supplied the PATRICE MCALLISTER with diesel, freshwater, and motor oil.

19. The supply of diesel, freshwater, and motor oil was subsequently memorialized in an Order Confirmation, dated June 21, 2019.  Pursuant to the Order Confirmation, payment was due "90 days from date of delivery." A copy of the Order Confirmation is attached as **Exhibit 7**.

20. On or about June 24, 2019, Dan Bunkering issued an invoice (Invoice No. 64237) for the bunkers in the amount of $39,731.60 addressed to "M/V PATRICE MCALLISTER and/or master and/or owners and/or charterers and/or managers and/or operators and/or Epic Companies, LLC and/or Epic Applied Technologies, LLC." A copy of the invoice is attached as **Exhibit 8**.

21. Payment for this invoice was due on September 10, 2019. However, pursuant to Section 5.5 of Dan Bunkering's Standard Terms and Conditions, credit has been withdrawn by Dan Bunkering and payment is due immediately. A copy of the email from Dan Bunkering withdrawing credit and demanding immediate payment is attached as **Exhibit 4**. No payment has been made by the PATRICE MCALISTER, McAllister, Epic, or EAT.

**(e) Interest and Liquidated Damages**

22. Pursuant to Section 5.7 of Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering is entitled to interest at a rate of 2% per month on the first invoice.

23. Pursuant to Section 5.3 of Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering is entitled to recover 20% of the total outstanding amount of all three invoices.

## **RULE C ARREST**

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23 and incorporates those allegations herein.

25. As a result of Defendants' failure to pay the amounts owed to Dan Bunkering for the necessaries supplied to the PATRICE MCALLISTER on orders of persons authorized to procure necessaries on behalf of the Vessel give rise to maritime liens under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301 *et seq.* in favor of Dan Bunkering in the amounts as follows:

    - Invoice 63915:         $38,340.69
    - Invoice 64184:         $39,731.60
    - Invoice 64239:         $8,885.20

26. Therefore, the claims of Dan Bunkering total $86,957.49 plus 2% interest, pre and post judgment interest, disbursements, costs, and reasonable attorneys' fees. Dan Bunkering is also entitled to 20% of the amount outstanding. Dan Bunkering respectfully requests that the Court enter judgment on this amount.

27. It is common in Rule C arrest cases for the security (for the applicable costs, fees, interest, etc.) to be set at one and a half times the fairly stated claim and, therefore, Plaintiff seeks an Order of Arrest in the amount of $130,436.24. *See* Supplemental Rule E (5) (permitting substitute security up to twice the amount of the Plaintiff's fairly stated claim to cover interest, costs, fees, etc.).

28. Pursuant to local rules, Plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all of his deputies from any and all liability as a result of arresting the PATRICE MCALLISTER as well as any other property of the Defendants within the District.

**WHEREFORE**, Dan Bunkering prays for the following relief:

A. That this Verified Complaint be deemed good and sufficient;

B. Process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rule C of the Supplemental Rues for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, may issue against the PATRICE MCALLISTER her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances thereto., *in rem*.

C. After due proceedings, there be judgment rendered in favor of Dan Bunkering (America) Inc. and against the PATRICE MCALLISTER her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances, *in rem*, and against McAllister Towing and Transportation Company, Inc, Epic Companies, LLC, Epic Applied Technologies, LLC and that the PATRICE MCALLISTER be condemned and sold to satisfy the judgment to be entered in favor of Dan Bunkering (America) Inc. in the full amount of its claims, together with interest, costs, and attorneys' fees, as set forth above.

D. That this Court issue a warrant of arrest of all property of McAllister Towing and Transportation Company, Inc, Epic Companies, LLC, and Epic Applied Technologies, LLC aboard the PATRICE MCALLISTER.

    ADAM AND REESE LLP

    /s/ *L. Cole Callihan*
    Matthew Guy (#31182)
    L. Cole Callihan (#33756)
    701 Poydras Street, Suite 4500
    New Orleans, Louisiana, 70139
    Tel:  (504) 581-3234
    Fax:  (504) 584-9503

Email: matthew.guy@arlaw.com
cole.calihan@arlaw.com

*Attorneys for Dan Bunkering (America) Inc.*

## VERIFICATION

I, Matthew C. Guy, am an attorney at the law form of Adams and Reese LLP, counsel to plaintiff Dan Bunkering (America) Inc. I am authorized by Dan Bunkering (America) Inc. to make this Verification. The facts set forth in the Verified Complaint are true and correct based upon information provided to me as attorney for Dan Bunkering (America) Inc.. The reason this Verification is made by the undersigned is that I am the attorney for Dan Bunkering (America) Inc., which does not have officers or directors within this District.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

_____
Matthew C. Guy


SWORN TO AND SUBSCIBED

BEFORE ME THIS 19th DAY OF JULY 2019

KYLE L. POTTS, NOTARY #77249
NOTARY PUBLIC
COMMISSION FOR LIFE

10